UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEBASTIAN JOSEPH** **AND CATHERINE JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-846** |
| **FEDNAT INSURANCE COMPANY** | **SECTION "B"(4)** |

### ORDER AND REASONS

Considering parties' joint motion to dismiss with prejudice (Rec. Doc. 40),

**IT IS HEREBY ORDERED** that the motion is **GRANTED based on lack of subject matter jurisdiction**.

On October 5, 2023, this Court granted plaintiffs' motion to lift the stay in this case and to seek leave to amend their complaint to add Louisiana Insurance Guaranty Association ("LIGA") as a defendant. Rec. Doc. 32. After plaintiffs sought leave for such an amendment, this Court granted the motion and, therein, ordered "that **no later than November 17, 2023**, parties shall file memoranda addressing the effect of adding LIGA as a defendant on the Court's jurisdiction over this matter under 28 U.S.C. § 1332." Rec. Doc. 35 (emphasis in original). In their memorandum on the subject matter jurisdiction question, plaintiffs conceded "LIGA's citizenship for diversity purposes is considered to be Louisiana." Rec. Doc. 38 at 2. Although acknowledging that our Order refused to grant party substitution, plaintiffs nevertheless contend that because subject matter jurisdiction existed at filing "the Court's subject matter jurisdiction remains intact, even after LIGA's substitution." *Id.* at 2–3.  LIGA was added as a defendant, not substituted.

LIGA filed no briefing on the issue. In its first appearance in this suit, LIGA joins plaintiffs to move to dismiss this case with prejudice. Rec. Doc. 40. The instant motion submits that parties have "settled in full[.]" *Id.* at 1.

1

Plaintiffs submit that they have Louisiana citizenship. Rec. Doc. 1-2 at 5. Further, plaintiffs' memorandum admits "LIGA's citizenship for diversity purposes is considered to be Louisiana." Rec. Doc. 38 at 2. The Fifth Circuit has determined LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). Other sections of the Eastern District court have concluded that a constituent member of LIGA has Louisiana citizenship; thereby, LIGA adopts the citizenship of Louisiana. *See, e.g., Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (Vitter, J.); *Andry v. United Property and Casualty Ins.*, No. 2:22-04544, 2023 WL 6442866, at *1 (E.D. La. Oct. 3, 2023) (Fallon, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (Morgan, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

As plaintiffs and LIGA are Louisiana citizens, subject matter jurisdiction under 28 U.S.C. § 1332 is lost. *See McLaughlin*, 376 F.3d at 353; *Hensgens*, 833 F.2d at 1181.

New Orleans, Louisiana, this 19th day of April, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE